## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **ACCREDITING COUNCIL FOR INDEPENDENT COLLEGES AND SCHOOLS,** 750 First Street, NE Washington, DC 20002<br><br>Plaintiff,<br><br>v.<br><br>**JOHN KING, JR., in his official capacity as Secretary of the Department of Education,** 400 Maryland Avenue, SW Washington, DC 20202<br><br>**and**<br><br>**UNITED STATES DEPARTMENT OF EDUCATION,** 400 Maryland Avenue, SW Washington, DC 20202<br><br>Defendants. | Civil Action No. 16-2448 |

## COMPLAINT

Plaintiff Accrediting Council for Independent Colleges and Schools ("ACICS"), by and through its undersigned counsel, files this Complaint against Defendants Secretary of Education John King, Jr. and the United States Department of Education ("Department" or "Department of Education") and alleges the following:

## INTRODUCTION

1.     This case arises under the Administrative Procedure Act (5 U.S.C. §§ 701 *et seq.*) and requires judicial review of the Secretary of Education's final decision to terminate

recognition of ACICS as an accrediting agency of postsecondary education institutions and programs.

2.      ACICS is a longstanding accreditor of higher education institutions.  The Department of Education has recognized ACICS as an accreditor for roughly 60 years.

3.      ACICS filed a Petition with the Department of Education in January 2016 for recognition of its accreditor status in accordance with the applicable Code of Federal Regulations and as it is required to do from time to time.

4.      Subsequent to the filing of ACICS's Petition, the Department of Education embarked on a months' long process where it consistently ignored the facts, failed to follow the relevant regulatory criteria for reviewing that Petition, employed improper procedures relating to consideration of ACICS's Petition, and allowed the process to be unfairly politicized to ACICS's detriment.  For example, on numerous occasions, Department of Education staff either ignored their obligations to carefully consider all of the evidence submitted in connection with ACICS's Petition or reached a conclusion that had no support in the record.  Similarly, the Department of Education staff or employees frequently claimed that ACICS had not complied with certain recognition criteria despite the evidence showing otherwise.  The problems were exacerbated when the Department of Education either deviated from its established policies or employed procedures that were not authorized in evaluating ACICS's Petition.

5.      The end result of the unfair and improper process employed by the Department of Education was that the Secretary of Education issued a final Decision on December 12, 2016 terminating ACICS's recognition as an accrediting agency.  Based on this unlawful process, the Department of Education has irreparably injured ACICS, and, as a policy matter, has also harmed the institutions ACICS accredits and the students who attend those institutions.

6.      The Secretary's decision to terminate ACICS's recognition violates the Administrative Procedure Act ("APA") and must be set aside.  Specifically, the Secretary's decision violates the APA and judicial intervention is warranted because Defendants acted: (a) arbitrarily, capriciously, abusively in exercising their discretion, and otherwise not in accordance with the law (5 U.S.C. § 706(2)(A)); (b) without observance of procedure required by law (5 U.S.C. § 706(2)(D)); and (c) without record evidence to support their decision to terminate ACICS's recognition (5 U.S.C. § 706(2)(E)).

7.      ACICS requests that this Court order preliminary and permanent injunctive relief enjoining Defendants from enforcing the Secretary's decision to terminate ACICS's recognition, vacate the Secretary's decision and further vacate all related directives from the Department of Education relating to the termination of ACICS's recognition, and order the Secretary to return ACICS's Petition for recognition to the Department staff for reconsideration.

## THE PARTIES

8.      Plaintiff ACICS is a nonprofit corporation organized under the laws of the State of Virginia and having its principal place of business in Washington, D.C.

9.      Defendant John King, Jr. is the Secretary of the United States Department of Education.  His official address is 400 Maryland Avenue, SW, Washington, D.C. 20202.  He is being sued in his official capacity.

10.      Defendant United States Department of Education ("Department" or "Department of Education") is an executive agency of the United States government.  Its address is 400 Maryland Avenue, SW, Washington, D.C. 20202.

## JURISDICTION AND VENUE

11.     Subject matter jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §§ 1331 and 1346.  Additionally, the case arises under: (a) the Administrative Procedure Act (specifically, 5 U.S.C. §§ 701-706) as it involves judicial review of agency action taken by Defendants; and (b) 34 C.F.R. § 602.38 which provides that any decision by the Secretary of Education relating to the recognition of accreditation status may be challenged in the federal courts as a final decision of the Department of Education.

12.     This Court has personal jurisdiction over Defendants as: (a) Defendants are residents or citizens of Washington, D.C.; and (b) Defendants took actions in Washington, D.C. relating to ACICS and the facts underlying this lawsuit.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) as: (a) Defendants are residents of Washington, D.C.; (b) a substantial part of the events or omissions giving rise to ACICS's claims occurred in Washington, D.C.; (c) Defendants are subject to the Court's personal jurisdiction; (d) King is an officer or employee of the United States or one of its agencies; and (e) the Department of Education is an agency of the United States and based in Washington, D.C.

14.     ACICS exhausted all of its administrative remedies prior to filing this lawsuit by adhering to the pertinent regulations and the administrative review process established by the Department of Education.

## FACTUAL ALLEGATIONS

### ACICS Is A Longstanding Accreditor Of Higher Education Institutions

15.     ACICS was founded in 1912.

16.     ACICS is a respected and long-established national accreditor of higher education institutions.  Specifically, ACICS has been continuously recognized as an accreditor of higher education institutions by the Department of Education (or its predecessor) since at least 1956.

17.     ACICS's mission is to advance educational excellence at independent, nonpublic career schools, colleges, and organizations in the United States and abroad.  ACICS carries out its mission through a deliberate and thorough accreditation process of quality assurance and enhancement.

18.     Pursuant to its status as a recognized accreditor by the Department of Education, ACICS accredits: (a) private postsecondary institutions offering certificates or diplomas; and (b) postsecondary institutions offering associate, bachelor's, and master's degrees.  The programs offered by institutions being accredited by ACICS are designed to educate students for professional, technical, or occupational careers.

19.     ACICS is also recognized as an accrediting agency by the nonprofit Council for Higher Education Accreditation ("CHEA") which identifies itself as "[a] primary national voice for accreditation and quality assurance to the U.S. Congress and U.S. Department of Education." CHEA recognizes ACICS to accredit similar institutions that the Department of Education recognizes ACICS to accredit.  On December 2, 2016, CHEA's Committee on Recognition informed ACICS of its recommendation to the CHEA Board of Directors that ACICS be granted recognition for up to three years.

20.     Historically, the Department of Education has recognized ACICS as a reliable authority concerning the quality of education or training offered by the institutions of higher education that are accredited by ACICS.

21.     Accreditation by a nationally-recognized accreditation agency carries numerous benefits to accredited schools and their students.  First, accreditation by a nationally-recognized accreditor is one of several prerequisites for a school's eligibility to receive access to Title IV federal student loan programs, pursuant to 20 U.S.C. § 1099c.  Second, many state licensing bodies require schools to be accredited by a nationally-recognized accrediting agency as a condition of licensure or as a prerequisite for access to state-based student loan programs.  Third, many state licensing bodies and programmatic accrediting bodies (*i.e.* specialized organizations that accredit programs in particular professions, such as certain health-care specialties) require that a student attend an institution accredited by a nationally-recognized accrediting agency in order for that student to sit for state licensing exams or other program-based exams or certifications.  Revocation of the accrediting agency's recognition impacts all of these benefits.

**Accrediting Agencies Such As ACICS Petition The Department of Education For Recognition Of Their Accreditation Status**

22.     The Department of Education promulgated a series of regulations relating to its procedure for accrediting agencies pursuant to authority delegated by Congress in the Higher Education Act, 20 U.S.C. § 1099b.

23.     The Code of Federal Regulations sets forth procedures relating to the Department of Education's recognition of accrediting agencies such as ACICS.  Specifically, 34 C.F.R. §§ 602.30-602.38 establishes a process for applying for recognition, review by Department of Education staff, further review by a Senior Department Official ("SDO") of the Department of Education, and an appeal to the Secretary of Education of a decision by the SDO adverse to the Petitioner.  Additionally, 34 C.F.R. §§ 602.10-602.28 establish criteria to be considered by the Department of Education in connection with a Petition for recognition.

24.     The initial step in the recognition process is for an accrediting agency to petition

for accreditation.  This submission triggers the process for review of the Petition by the

Department of Education pursuant to the procedures provided for in 34 C.F.R. §§ 602.30-602.33.

Specifically, Section 602.30 provides that accrediting agencies must petition for recognition for

initial or continued recognition, for an expansion of the scope of the agency's recognition, with

respect to certain compliance reports, and in response to certain inquiries.  Section 602.31 details

the type of information required for various recognition petitions.  Section 602.32 describes the

process for review of any petition by Department of Education staff and provides for a written

staff evaluation of the petition at the end of the review process.  Section 602.33 provides further

detail regarding the procedures to be employed by the Department of Education staff during the

review process.

25.     Subsequent to review and a written evaluation by the Department of Education

staff, a petition filed by an accrediting agency is reviewed by the National Advisory Committee

on Institutional Quality and Integrity ("NACIQI").  The NACIQI procedures are provided for in

34 C.F.R. §§ 602.34-602.35.  Section 602.34 describes how NACIQI meetings are to work.

Before the meeting, the Department of Education staff provides its analysis of the Petition and

certain other materials.  The NACIQI panel then invites third-party comments, conducts a public

meeting on the Petition, and on that basis, makes a subsequent recommendation to the SDO

regarding recognition of the Petitioner.  Section 602.35 provides a procedure through which the

accrediting agency and the staff of the Department of Education may submit additional written

comments to the SDO.

26.     The SDO makes an initial agency decision regarding recognition.  34 C.F.R. §

602.36 instructs the SDO to make that decision "based on the record" including all materials

provided to the NACIQI, the transcript of the NACIQI meeting, NACIQI's recommendation, and subsequent written comments and evidence submitted by the accrediting agency and Department of Education staff to the SDO.

27.     The SDO has several options for resolving an accrediting agency's petition for recognition.  For example, 34 C.F.R. § 602.36(e) provides that the SDO may: (a) approve, deny, limit, suspend, or terminate recognition; (b) grant or deny an application for expansion of scope of the accrediting agency; (c) revise or affirm the scope of the accrediting agency; or (d) continue recognition pending submission and review of a compliance report.  Section 602.36(e)(1) provides that recognition may not be for longer than a period of five years but that the SDO must explain the reasons for approving a lesser scope or recognition period than that requested by the accrediting agency.  Section 602.36(e)(2) provides that the SDO must specify the reasons for any decision to deny, limit, suspend, or terminate recognition.  In particular, Section 602.36(e)(3) allows the SDO to continue an accrediting agency's recognition for up to twelve months if an agency fails to demonstrate compliance with the required recognition criteria but "will demonstrate or achieve compliance with the criteria for recognition and effective application of those criteria within 12 months or less."

28.     The accrediting agency may appeal an adverse decision by the SDO to the Secretary of Education.  Regulation 34 C.F.R. §§ 602.37-602.38 control the appeal process.  Section 602.37 describes the appeal process.  Section 602.38 describes the effect of any recognition decision by the Secretary of Education and expressly allows the Petitioner to appeal adverse decisions by the Secretary of Education to federal court.  Further, Section 602.38 incorporates by reference the same options and requirements articulated in Section 602.36(e) for resolving an accrediting agency's petition.

29.     The Secretary of Education's recognition decision must be based on specific recognition criteria proscribed by the Higher Education Act and provided for in the Code of Federal Regulations.  The recognition criteria are specified in 34 C.F.R. §§ 602.10-602.28.  The criteria are separated into: (a) basic eligibility requirements; (b) organizational and administrative requirements; (c) required standards and their application; and (d) required operating procedures and policies.

### ACICS Petitions For Re-Recognition Of Its Accreditation Status

30.     ACICS (and/or its direct predecessor) has been continuously recognized by the Department of Education (or its predecessor) as an accrediting agency since 1956.  Periodically, ACICS has petitioned the Department of Education for re-recognition in accordance with the applicable regulatory procedures for renewing its recognition.

31.     On January 8, 2016, ACICS submitted its Petition for recognition to the Department of Education pursuant to 34 C.F.R. § 602.31.  ACICS's 136-page submission, and over 100 accompanying exhibits, provided the information required by the applicable Code of Federal Regulations establishing that ACICS satisfied the pertinent criteria for recognition.

32.     In response to the Petition, the Department of Education initiated a supplemental information gathering process that lasted from March 3, 2016 to May 16, 2016.  On March 3, the Department sent ACICS a Supplemental Request for additional information.  On March 10, ACICS sought an extension of time to respond to the request, given the voluminous information the request required ACICS to gather.  On March 15, ACICS received an extension of time (until May 16) to respond to a portion of the request.  The Department of Education staff noted that information "received as late as May 16, 2016 would not allow Department staff the time to fully review and analyze it in time for [a scheduled] June [23] NACIQI Meeting, [and] ACICS should

be prepared to return at the fall NACIQI meeting for further discussion as warranted." On April 1, ACICS submitted to the Department of Education its responses for the portion of the request for which its time to respond had not been extended. ACICS was due to submit its responses to the balance of the request on May 16, 2016.

33.    On May 4, 2016, prior to ACICS's completing its response to the Department's supplemental information request, the Department of Education provided ACICS a draft staff analysis report on its Petition. Notwithstanding that the Department's analysis pre-dated the Department's receipt and review of ACICS's substantial supplemental submission – which was completed, as agreed, on May 16, 2016 – the Department of Education staff then told ACICS that: (a) information submitted on May 16 would not be considered at the June NACIQI meeting; and (b) ACICS's Petition would be not be deferred to the fall NACIQI meeting despite previous indications that Department staff would not have sufficient time to fully consider ACICS's supplemental submission.

34.    ACICS attempted to remedy the arbitrary timing employed by the Department of Education staff with respect to the staff report in several ways. For example, ACICS: (a) requested that it be given additional time (beyond the June 3, 2016 deadline set by the Department of Education staff) to respond to the draft staff report; and (b) requested that any NACIQI review of ACICS be set for the scheduled December 2016 NACIQI meeting (as opposed to the June 2016 NACIQI meeting). The Department of Education denied ACICS's requests without explanation.

35.    The Department of Education proceeded full steam ahead with issuing a final staff report despite the timing problems identified by ACICS and without any legitimate explanation of its rush to judgment. Specifically, the Department of Education staff issued its final staff

report on June 15, 2016 in which it: (a) recommended to the SDO that ACICS's Petition for renewal of its recognition be terminated; (b) included substantive errors that indicate a rush to meet a deadline for presenting the report to the SDO in time for it to be evaluated at the June 23 NACIQI meeting; and (c) made several conclusory statements and did not provide reasoned consideration of all available information as required by the pertinent Code of Federal Regulations sections.

36.     The Department of Education also proceeded with consideration of ACICS's recognition Petition at the June 23, 2016 NACIQI meeting without providing any explanation for why ACICS's Petition needed to be addressed at that meeting – rather than at a meeting later in 2016, as originally anticipated – and without properly evaluating all the evidence that was available.  At the meeting, NACIQI members observed that the final report provided by Department of Education staff was "more conclusory than it was explanatory."  Similarly, NACIQI members noted that the recommendations in the final staff report regarding ACICS's recognition were inconsistent with the record.  Likewise, at least one NACIQI member questioned whether the Department of Education's standards were being applied consistently with respect to ACICS.  Additionally, Department of Education staff acknowledged at the NACIQI meeting that ACICS addressed many of the concerns raised in the final staff report, including by providing revised standards that were in compliance with the Department of Education's requirements.  Nevertheless, the NACIQI panel voted 10-3 to recommend to the SDO that ACICS's recognition be withdrawn.

**The Department Of Education Withdraws ACICS's Recognition**

37.     ACICS and the Department of Education staff submitted comments to the Department of Education's SDO on July 5, 2016 in response to the June 23 NACIQI recommendation.

38.     On September 22, 2016, the SDO issued an initial Department of Education decision terminating ACICS's recognition in a roughly 2-page letter.  The SDO's letter:

- Made a conclusory assertion that the full record had been reviewed without explaining what specific materials were reviewed or what specific materials were relied on by the SDO for her decision;

- Provided no citations to any record evidence;

- Listed 21 areas for which ACICS was purportedly out of compliance with Department of Education regulatory criteria, with no explanation of how ACICS was supposedly out of compliance for each individual area;

- Noted that Department of Education staff and "multiple NACIQI committee members" recognized that ACICS "could likely remedy some of the deficiencies within 12 months";

- Acknowledged that ACICS "has made recent efforts to address some of the deficiencies identified";

- Recognized that "it is possible for ACICS to fix some of the 21 compliance problems within 12 months" without any further identification of what "compliance problems" the SDO believed could be addressed, identification of what "compliance problems" the SDO believed could not be addressed, or

12

explanation for why the SDO believed that certain "compliance problems" could

not be addressed;

- Made conclusory assertions regarding ACICS's "track record" without explaining

    how the alleged "track record" related to any recognition criteria or prevented

    ACICS from coming into compliance; and

- Asserted with no meaningful explanation that demonstrating compliance with

    certain unidentified criteria could not be done within 12 months.

39.     On October 4, 2016, ACICS requested that the SDO reconsider her decision and

submitted new evidence relating to ACICS's continued efforts to comply with various

recognition criteria.  On October 17, 2016, the Department of Education staff responded not by

analyzing or evaluating any of the new evidence offered by ACICS but rather by arguing that

"there is no authority in the regulations" for the SDO to reconsider her decision.  On October 18,

2016 – one day after the Department of Education staff letter and two weeks after ACICS's

request – the SDO provided a one page letter rejecting ACICS's reconsideration request based on

two reasons: (a) "The applicable regulations do not permit an accrediting agency to submit a

Request for Reconsideration of a recognition decision;" and (b) ACICS "may not submit

additional information to the SDO in the form of a Request for Reconsideration."

40.     On October 21, 2016, ACICS appealed the SDO's decision to the Secretary of

Education, pursuant to 34 C.F.R. § 602.37.  On December 12, 2016, the Secretary of Education

denied ACICS's appeal.

41.     Although the Secretary of Education's decision states that he has "*de novo* taken

into account all of the prior proceedings and available evidence, including ACICS's arguments

on appeal," his decision largely consists of repeating the Department Staff and the SDO's

numerous vague and conclusory assertions, without addressing the evidence put forth by ACICS in refuting them.  Specifically:

- The Secretary opted not to "delve into every violation," of the recognition criteria, instead reviewing only a "non-exhaustive selection of violations" including 34 C.F.R. §§ 602.16(a), 602.17, 602.19(b); 602.20, and 602.21.

- The Secretary concluded, without meaningful explanation, that "ACICS has not significantly refuted the Department staff's findings."

- The Secretary reverts to the SDO's conclusory "lack of confidence that ACICS can or will come into compliance during a 12 month extension" and NACIQI's conclusion not to recommend a temporary renewal, with no meaningful explanation.

42.     The denial of ACICS's appeal by the Secretary of Education represents a final agency decision and may be appealed to this Court pursuant to 34 C.F.R. § 602.38.

**The Department Of Education's Decision To Terminate ACICS's Recognition Was Arbitrary, Capricious and Contrary to Law**

43.     The Department of Education's decision to terminate ACICS's recognition was contrary to law for several reasons.

44.     First, the Department of Education improperly ignored or disregarded relevant evidence demonstrating that ACICS either is in compliance with the pertinent recognition criteria or can demonstrate compliance with the pertinent recognition criteria within 12 months.  ACICS repeatedly demonstrated to the Department of Education that it was already in compliance or would be within 12 months, as permitted under the pertinent regulations.  Specifically, in its July 5, 2016 comments to the SDO, ACICS explained that, as of July 1, 2016 (when ACICS's new policies and standards became effective), it had remedied many of alleged deficiencies including:

14

(a) all purported deficiencies for which only additional documentation of the effective date of a

new policy was needed; and (b) all purported deficiencies for which demonstration of effective

implementation of ACICS' policies was the primary barrier to compliance.  Additionally, ACICS

demonstrated that it will be in compliance with the remaining criteria in no later than 12 months.

The Department of Education staff, members of the NACIQI Panel, and the SDO all

acknowledged that ACICS is or would be in compliance with at least some of the criteria

identified as the basis for terminating recognition.  Moreover, the record is clear with respect to

ACICS's proof that it is, or soon will be, in compliance with all of the criteria identified as bases

for terminating recognition.  The Secretary of Education disregarded this evidence and

terminated ACICS's recognition despite the clear record evidence.

45.    Second, ACICS instituted significant leadership changes throughout 2016 that

show its commitment to rectifying any compliance issues or the purported negative "track

record" cited by the Secretary as part of his decision to terminate ACICS's recognition.  For

example, ACICS's President and five of ACICS's Vice Presidents employed at the time of the

June 2016 NACIQI meeting are no longer employed by ACICS.  The eminently qualified new

leadership, including, effective August 1, 2016, interim Chief Executive Officer and President

Roger J. Williams – a 25-year veteran of management of higher education accreditation – is

working to further strengthen ACICS's compliance management.  Additionally, ACICS

increased independent oversight by doubling the number of public members on its board.

46.    Third, ACICS continues to implement its revised accrediting standards and

review procedures, which address the concerns raised by the Department of Education staff.  For

example, ACICS explained in its July 5, 2016 comments to the SDO how it took adverse actions

against certain educational institutions as a result of its ongoing implementation of these new

standards and procedures.  Indeed, the CHEA Committee on Recognition's recent decision to recommend to its Board of Directors that ACICS be granted recognition for up to three years reflects a vote of confidence by a boots-on-the-ground organization that reviews accrediting agencies in real time.

47.     In short, the Secretary of Education either: (a) failed to consider evidence submitted by ACICS that showed ACICS is correct that the purported regulatory deficiencies had been remedied or would be remedied within the statutorily allowed twelve months, that its Petition for recognition should have been granted, and that the Department of Education's determination is unsupported by the facts or law; or (b) did not afford any weight to credible evidence offered by ACICS.  Either way, the decision to terminate ACICS's recognition was contrary to law.

48.     Moreover, the Department of Education's decision to terminate ACICS's recognition was arbitrary and capricious for several reasons.

49.     First, the facts in the record do not support the recommendations or the SDO's decision on which the Secretary relied in making his final decision.  At every turn, ACICS presented evidence of its ongoing compliance efforts and capacity to achieve compliance within twelve months.  And, at every turn, the Department of Education ignored, cherry picked, mischaracterized, or otherwise distorted the evidence beyond recognition to conclude that ACICS's recognition should be terminated.  For example:

- The Department of Education staff report concluded that "the recent departure of the executive director [of ACICS], with no permanent replacement, seems to indicate that the agency has staffing concerns."  However, there was no evidence in the record to support such a finding about "staffing concerns."

- Similarly, the Department of Education staff report engaged in wild speculation about potential contraction of the for-profit higher education industry and the effect of that contraction on ACICS to conclude that ACICS had not demonstrated adequate financial resources even though the staff report also makes multiple representations of ACICS's financial solvency.

- It was more of the same at the NACIQI meeting, where the panel voted 10-3 to terminate ACICS's recognition, despite the fact that the record at the NACIQI meeting established that: (a) ACICS "provided revised standards that are in compliance with our [Department of Education] requirements for those standards;" (b) certain NACIQI members believes that ACICS's standards "are good standards" and "meet the requirements;" and (c) certain NACIQI members believed there were real questions about whether the pertinent criteria were being applied consistently with respect to ACICS.

- The two-page SDO decision doubles down on turning a blind eye to actual facts by conceding that ACICS already remedied a number of the alleged "deficiencies" found (though not specifically identified) by the Department, while, at the same time, claiming that ACICS would not be able to remedy the remaining unspecified alleged compliance problems within the statutorily allowed twelve months.

50.    The Secretary erroneously concluded that ACICS is out of compliance with 21 criteria even though it is undisputed that ACICS is already in compliance with at least some of these criteria, and the Secretary's Decision failed to adequately specify how ACICS is out of compliance with any specific criteria.

51.     Second, the Secretary of Education's ruling did not consider the relevant regulatory factors.  For example, the Department of Education staff report (and, by extension, the NACIQI panel, the SDO, and the Secretary of Education) claims, without evidence, that there have been "many investigations and lawsuits brought against ACICS-accredited institutions;" and only identifies two settlements, one consent decree, and one default judgment as support for its claim that ACICS has been the subject of "many investigations and lawsuits."  Additionally, the pertinent Code of Federal Regulations does not state that alleged "investigations and lawsuits" are relevant to determining if the applicable criteria for recognition have been satisfied.

52.     The arbitrary and capricious decision by the Department of Education to terminate ACICS's recognition was unfair and improper, as well as contrary to law.  Accordingly, that decision should be set aside.

### The Process Followed by The Department Of Education In Considering ACICS's Recognition Petition Was Infected With Numerous Procedural Irregularities That Conflicted With the Governing Agency Regulations

53.     Numerous procedural irregularities infected and irrevocably tainted the process by which the Department of Education considered ACICS's Petition for recognition and the Department of Education's termination of ACICS's recognition.  These irregularities violated ACICS's rights and prevented ACICS from receiving a fair consideration of its Petition.  For example:

- The Department of Education failed to consider the information provided by ACICS in a timely manner during the supplemental information gathering process despite asking ACICS to provide this information.  Specifically, ACICS received approval to provide supplemental information to the Department of Education through May 16, 2016, but the Department of Education staff report and the

NACIQI meeting proceeded on a timetable that prevented the panel from considering the voluminous materials that ACICS properly submitted on May 16.

- The Department of Education allowed the preparation of the Department's staff report to deviate from established procedures and rigor.

- The Department of Education staff report bears the hallmarks of having been subjected to the irregular and unprecedented involvement of individuals outside the Department of Education's Accreditation Group.

- The Under Secretary of the Department of Education made a statement at the beginning of the NACIQI meeting making clear the decision it wanted the NACIQI panel to reach, *i.e.*, to terminate ACICS's recommendation.

- The comments and testimony at the NACIQI meeting—which included much improper showmanship, grandstanding, and unfair or unfounded rhetoric—made clear that NACIQI members and third parties were attempting to hold ACICS accountable for conduct concerning schools that were never accredited by ACICS, but by unrelated accrediting organizations.

- ACICS was not given the opportunity at the NACIQI meeting to address each of the 21 purported compliance deficiencies, despite requesting the opportunity to discuss each alleged deficiency separately.

54.     These procedural irregularities represented a deviation from accepted practices and the procedural requirements established in the pertinent Code of Federal Regulations, including, for example: 34 C.F.R. § 602.32 (requiring the Department of Education to "tak[e] into account all available relevant information concerning the compliance of the agency"); 34 C.F.R. § 602.34 (requiring the NACIQI panel to independently consider all relevant material

informing the Department of Education's staff analysis).  These procedural irregularities had a substantial adverse effect on ACICS's due process rights and ultimately led to errors in the Secretary's Decision denying ACICS's petition for recognition.

### The Secretary's Decision To Terminate ACICS's Recognition Is Not Supported By The Evidence In The Record

55.     The Secretary's decision to terminate ACICS's recognition is not supported by the evidence in the administrative record.

56.     The Secretary's Decision relied on conclusions reached at the different stages of the recognition process (the staff report, the NACIQI panel, and the SDO decision) that were not supported by the evidence and/or were flatly contradicted or refuted by the evidence.

57.     The Secretary relied on tortured applications of pertinent regulatory procedures to frustrate the recognition process and disregard rebuttal evidence submitted by ACICS.

58.     The rationale for the Secretary's decision to terminate ACICS's recognition was made up out of whole cloth and based on facts not in the administrative record.  Accordingly, it was arbitrary and capricious and must be set aside and a new decision must be rendered after application of the proper procedures.

### The Department Of Education Process Relating To ACICS's Recognition Petition Was Unfairly And Improperly Politicized

59.     The entire process relating to ACICS's Petition and the Department of Education's process for reviewing the Petition were tainted by an improper and unfair politicization of the process that denied ACICS its right to a fair and impartial consideration of its Petition.

60.     For example, United States Senator Elizabeth Warren issued a report and held a press conference in advance of the NACIQI meeting in which she condemned ACICS and encouraged the NACIQI Panel (and the Department of Education) to reject ACICS's Petition.

The applicable recognition criteria governing the Petition review process do not provide for consideration of the *ex parte* submissions from government officials who are not employed by the Department of Education or participating in the petition review process in a forum in which ACICS has a fair opportunity to respond.

61.     Moreover, at the start of the NACIQI meeting, the politically-appointed Under Secretary of Education took the extraordinary tack of making a statement that could only be interpreted as an improper attempt to influence the NACIQI panel before it considered ACICS's Petition.  These prefatory remarks left no doubt that the Department of Education expected the NACIQI panel to recommend termination of ACICS's recognition.

62.     As a result of the politicization, ACICS's Petition for recognition could not and did not receive fair consideration from the Department of Education nor were the established criteria, set forth in 34 C.F.R. § 602, fairly applied to ACICS's Petition.

**ACICS Has Suffered Substantial, Immediate, and Irreparable Harm**

63.     As a result of the arbitrary and capricious decision by the Secretary to terminate ACICS's recognition, ACICS has suffered substantial, immediate, and irreparable harm in several ways.

64.     First, termination of ACICS's recognition as accrediting agency strikes at ACICS's core function (accrediting educational institutions).  Educational institutions apply for accreditation with ACICS in part because: (a) it is required for the institution to be eligible for Title IV student loan funding; and (b) many state licensing bodies or programmatic accreditors require accreditation by a nationally-recognized accreditor.  Absent accreditation by ACICS, many schools will be forced to discontinue programs or undertake the time-consuming and expensive process of obtaining accreditation from another accrediting agency.  Thus, if the

Secretary's Decision is not overturned, ACICS's core business and its very existence will be threatened.

65.     Second, the Secretary's Decision terminating ACICS's recognition destroys the goodwill ACICS established during its long history as recognized accrediting agency.

### The Secretary's Decision To Withdraw ACICS's Recognition Harms Innocent Institutions And Students

66.     The Secretary's Decision, which was rendered contrary to law, will have adverse effects throughout the education sector, and it also harms institutions and students.

67.     ACICS accredits institutions that enroll an estimated 320,000 students.

68.     If the Secretary's Decision is not overturned, the schools accredited by ACICS will have an 18-month grace period to obtain accreditation from another accrediting agency in order to maintain eligibility for federal Title IV funding.

69.     However, a substantial portion of the schools accredited by ACICS are unlikely to be able to obtain accreditation from another accrediting agency during the 18-month grace period.  Initial accreditation often takes two years or longer.  Initial accreditation is also premised on the capacity of an accrediting agency to handle accreditation of additional schools and programs.  There is no evidence in the administrative record suggesting (much less showing) that other accrediting agencies will have the ability to handle accrediting all of ACICS's institutions within the 18-month time period (if at all).  Accordingly, it is a near impossibility that any particular ACICS-accredited school or that ACICS's schools as a group will be able to obtain accreditation from another accrediting agency before the expiration of the 18-month grace period.

70.     Additionally, ACICS-accredited schools likely would need to discontinue or trim existing programs catering to students currently enrolled as part of the process of obtaining

accreditation from other accrediting agencies.  The Department of Education approves a particular mission and a scope within which an accrediting agency may accredit schools or programs.  Those missions and the scope of these other agencies' ability to accredit are not identical to ACICS's mission or scope and, in most instances, are substantially more narrow. Accordingly, institutions will be forced to discontinue existing programs with currently enrolled students as part of any mass process of ACICS-accredited schools obtaining new accreditations.

71.     Moreover, state licensing bodies are not bound by the federal 18-month grace period.  Many state licensing bodies require schools to be accredited by a nationally-recognized accrediting agency as a condition of state licensure or as a prerequisite for access to state-based student loan programs, and as a result of the Secretary's Decision terminating ACICS's recognition numerous schools will be forced to trim programs or close.  Further, students must often graduate from programs accredited by a recognized agency in order to sit for registration, certification, or licensure that is required for them to work in their chosen fields.  In the wake of the Secretary's decision, students at ACICS-accredited institutions will be burdened by the notion that their school may close at any time, leaving them uncertain about their ability to complete their programs and graduate.

72.     In short, currently enrolled students and currently accredited institutions will bear incalculable and irreparable harm as a result of the Department of Education's decision to terminate ACICS's recognition.

73.     The administrative record does not support the Secretary's decision to inflict irreparable harm on currently enrolled students and currently accredited institutions by denying ACICS's Petition and refusing to grant ACICS 12 months to come into full compliance,

especially given the extensive improvements ACICS has already undertaken in its accreditation and oversight activities.

**COUNT ONE**
**(First Violation Of The Administrative Procedure Act – Arbitrary And Capricious, Abuse Of Discretion, And Otherwise Not In Accordance With The Law)**

74.     ACICS adopts and incorporates by reference each of the preceding paragraphs of this Complaint as if set forth fully herein.

75.     The Administrative Procedure Act allows ACICS to seek judicial review of the Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency. *See* 5 U.S.C. §§ 702, 704.

76.     The Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency may be found unlawful and set aside if the Secretary's "action, findings, and conclusions" are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *See* 5 U.S.C. § 706(2)(A).

77.     The Secretary's decision to terminate ACICS's recognition as an accrediting agency is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" because:

- The facts in the record do not support the decision of the Secretary of Education as explained in detail in this Complaint, including in Paragraphs 43-50.

- The Secretary of Education's decision (and the underlying decisions and actions by the Department of Education staff, the NACIQI panel, and the SDO) did not consider the relevant factors as explained in detail in this Complaint including in Paragraph 51.

78.     Additionally, the Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" given the lack of record evidence to support the decision, the procedural irregularities that infected the recognition process, the unfair politicization of the process, and the failure to consider the irreparable harm being imposed on innocent institutions and students as a result of the decision to terminate ACICS's recognition.

79.     Therefore, the Secretary of Education's decision to terminate ACICS's recognition should be found unlawful, set aside, and remanded.

## COUNT TWO
### (Second Violation Of The Administrative Procedure Act – Without Observance Of Procedure Required By Law)

80.     ACICS adopts and incorporates by reference each of the preceding paragraphs of this Complaint as if set forth fully herein.

81.     The Administrative Procedure Act allows ACICS to seek judicial review of the Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency. *See* 5 U.S.C. §§ 702, 704.

82.     The Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency may be found unlawful and set aside if the Secretary of Education's "action, findings, and conclusions" are "without observance of procedure required by law." *See* 5 U.S.C. § 706(2)(D).

83.     The Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency is "without observance of procedure required by law" as explained herein. There were numerous procedural irregularities in the recognition process that violated ACICS's rights, did not adhere to the procedures set forth in the applicable Code of Federal Regulations or the established practices of the Department of Education, fatally infected the Secretary's final

decision, and led to an unfair and improper result with respect to the termination of ACICS's recognition.

84.     Additionally, the Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency is "without observance of procedure required by law" given the arbitrary and capricious approach employed by the Secretary of Education (and the Department of Education throughout the recognition process), the lack of record evidence to support the decision, the unfair politicization of the process, and the failure to consider the irreparable harm being imposed on innocent institutions and students as a result of the decision to terminate ACICS's recognition.

## COUNT THREE
### (Third Violation Of The Administrative Procedure Act – Unsupported By Record Evidence)

85.     ACICS adopts and incorporates by reference each of the preceding paragraphs of this Complaint as if set forth fully herein.

86.     The Administrative Procedure Act allows ACICS to seek judicial review of the Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency. *See* 5 U.S.C. §§ 702, 704.

87.     The Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency may be found unlawful and set aside if the Secretary of Education's "action, findings, and conclusions" are unsupported by evidence in the administrative record.  *See* 5 U.S.C. § 706(2)(E).

88.     The Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency is unsupported by record evidence as explained herein including in Paragraphs 55-58.

89.     Additionally, the Secretary of Education's decision to terminate ACICS's recognition as an accrediting agency is not supported by record evidence given the arbitrary and capricious approach employed by the Secretary of Education (and the Department of Education throughout the recognition process), the procedural irregularities that infected the recognition process, the unfair politicization of the process, and the failure to consider the irreparable harm being imposed on innocent institutions and students as a result of the decision to terminate ACICS's recognition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an order granting judgment in its favor and granting the following relief:

A.     Judgment for ACICS and against Defendants;

B.     Preliminary and permanent injunctive relief enjoining Defendants and their officers, employees, and agents from implementing the Secretary's final decision to terminate ACICS's recognition, or taking any action relating to that decision;

C.     Vacating the Secretary of Education's decision to terminate ACICS's recognition as an accreditation agency and further vacating all related directives from the Secretary relating to the termination of ACICS's recognition, including but not limited to any directive to ACICS-accredited schools;

D.     Ordering the Secretary of Education to return ACICS's Petition for recognition to the Department Staff for reconsideration; and

E.     Such other and further relief as the Court deems just and proper.

Dated: December 15, 2016                    Respectfully submitted,


                                            /s/ Allyson B. Baker_____
                                            Allyson B. Baker (#478073)
                                            Meredith L. Boylan (#978088)
                                            Andrew T. Hernacki (#1024442)
                                            Hillary S. Profita (*pro hac vice* motion to be filed)
                                            Venable LLP
                                            575 7th St. NW
                                            Washington, D.C. 20004
                                            202-344-4000 Telephone
                                            202-344-8300 Facsimile
                                            abbaker@venable.com
                                            mlboylan@venable.com
                                            athernacki@venable.com
                                            hsprofita@venable.com

                                            *Counsel for Accrediting Council for*
                                            *Independent Colleges and Schools*