**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**ACCREDITING COUNCIL FOR**
**INDEPENDENT COLLEGES AND**
**SCHOOLS,**

      **Plaintiff,**

**v.**                                           Civil Action No. 16-2448 (RBW)

**BETSY DEVOS, in her official capacity as**
**Secretary of the U.S. Department of**
**Education[1], *et al.***

      **Defendants.**

---

**ANSWER**

       Defendants the Secretary of Education, in her official capacity, and the U.S. Department of Education (collectively, "defendants"), by and through undersigned counsel, answer plaintiff's Complaint (ECF No. 1) in the following numbered paragraphs, which correspond to the Complaint's numbered paragraphs.

       1.     This paragraph contains plaintiff's characterization of this action and conclusions of law, to which no response is required, but to the extent a response is deemed required, defendants admit that plaintiff's lawsuit was filed pursuant to the Administrative Procedure Act (APA), and to respectfully refer the Court to 5 U.S.C. § 701 *et seq.* for a full and accurate statement of its contents.

       2.     Defendants admit that the Department of Education ("the Department") had recognized the Accrediting Council for Independent Colleges and Schools ("ACICS") as a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary DeVos, in her official capacity, is automatically substituted for former Acting Secretary Philip H. Rosenfelt.

nationally recognized accrediting agency prior to December 2016.  Defendants deny the

remaining allegations contained in this paragraph.

3.      Defendants admit that ACICS filed a petition for renewal of recognition with the

Department of Education in January 2016.  Plaintiff's allegation that its petition conformed to

the applicable Code of Federal Regulations constitutes a conclusion of law to which no response

is required, but to the extent a response is deemed required, defendants deny.

4.      Deny.

5.      Defendants deny the allegations in this paragraph, except to admit that on

December 12, 2016, the Secretary of Education issued a final Decision terminating the

Department's recognition of ACICS as a nationally recognized accrediting agency.

6.      This paragraph contains plaintiff's legal conclusions to which no response is

required, but to the extent a response is deemed required, defendants deny.

7.      This paragraph contains plaintiff's characterizations of its requested relief to

which no response is required, but to the extent a response is deemed required, defendants deny

that plaintiff is entitled to relief.

8.      Defendants lack knowledge or information sufficient to form a belief about the

allegations contained in this paragraph.

9.      Defendants admit that at the time the Complaint was filed, John King, Jr. served

as the Secretary of the U.S. Department of Education, and that he was sued in his official

capacity.  Pursuant to Federal Rule of Civil Procedure 25(d), the current Secretary of Education,

Betsy DeVos, is automatically substituted in her official capacity as a defendant in this matter.

Defendants admit that the Secretary's official address for purposes of service of process is 400

Maryland Avenue, SW, Washington, DC 20202.  *See* 34 C.F.R. § 4.1.

10.     Defendants admit that the Department of Education is an executive agency of the United States government.  Defendants admit that the Department maintains an address at 400 Maryland Avenue, SW, Washington, DC 20202.

11.     This paragraph contains legal conclusions to which no response is required. Defendants respectfully refer the Court to the cited provisions of the APA and the regulations for a full and accurate statement of their contents.  Defendants deny that the cited authority provides a basis to challenge the decision of the Secretary in this action.

12.     This paragraph contains legal conclusions to which no response is required.

13.     This paragraph contains legal conclusions to which no response is required. Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

14.     This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, defendants deny.

15.     Defendants lack knowledge or information sufficient to form a belief as to allegation in this paragraph.

16.     Defendants lack knowledge or information sufficient to form a belief as to the first sentence of this paragraph.  With respect to the second sentence of this paragraph, Defendants admit that the Department had recognized ACICS as a nationally recognized accrediting agency prior to December 2016.  Defendants deny the remaining allegations contained in this paragraph.

17.     Defendants lack knowledge or information sufficient to form a belief as to allegations contained in the first sentence of this paragraph.  With respect to the second sentence

in this paragraph, defendants deny that plaintiff carried out its mission in a manner compliant with the relevant statutory and regulatory criteria.

18.      Defendants deny that plaintiff currently has status as a federally recognized accreditor.   Defendants admit that, prior to the termination of its federal recognition, plaintiff had performed accrediting services for private postsecondary institutions.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

19.      Defendants lack knowledge or information sufficient to form a belief as to allegations contained in this paragraph.

20.      Defendants admit that the Department had recognized ACICS as a nationally recognized accrediting agency prior to December 2016.  Defendants deny the remaining allegations contained in this paragraph.

21.      Defendants lack knowledge or information sufficient to form a belief as to allegations of the first sentence of this paragraph.  The second sentence of this paragraph contains legal conclusions regarding the content of 20 U.S.C. § 1099c, to which no response is required.  Defendants respectfully refer that statute for a full and accurate statement of its contents.  The remaining sentences in this paragraph contain legal conclusions concerning the requirements of unnamed state licensing bodies, and the legal impacts of the loss of an accrediting agency's federal recognition, to which no response is required.  To the extent a response is deemed required, defendants deny.

22.      Defendants admit that the Department has promulgated regulations implementing the provisions of the Higher Education Act.  Defendants respectfully refer the Court to those regulations for a full and accurate statement of their contents.

23.     This paragraph contains legal conclusions and a description of the contents of 34 C.F.R. §§ 602.30-602.38 and 34 C.F.R. §§ 602.10-602.28, to which no response is required. Defendants respectfully refer the Court to the cited regulations for a full and accurate statement of their contents.  To the extent a response is deemed required, defendants deny the assertions as incorrect or incomplete statements of the law.

24.     This paragraph contains legal conclusions and a description of the contents of 34 C.F.R. §§ 602.30-602.33, to which no response is required.  Defendants respectfully refer the Court to the cited regulations for a full and accurate statement of their contents. To the extent a response is deemed required, defendants deny the assertions as incorrect or incomplete statements of the law.

25.     This paragraph contains legal conclusions and a description of the contents of 34 C.F.R. §§ 602.34-602.35, to which no response is required. Defendants respectfully refer the Court to the cited regulations for a full and accurate statement of their contents.  To the extent a response is deemed required, defendants deny the assertions as incorrect or incomplete statements of the law.

26.     This paragraph contains legal conclusions and a description of the contents of 34 C.F.R. § 602.36, to which no response is required. Defendants respectfully refer the Court to the cited regulation for a full and accurate statement of their contents.  To the extent a response is deemed required, defendants deny the assertions as incorrect or incomplete statements of the law.

27.     This paragraph contains legal conclusions and a description of the contents of 34 C.F.R. § 602.36(e), to which no response is required. Defendants respectfully refer the Court to the cited portion of the regulation for a full and accurate statement of its contents.  To the extent

a response is deemed required, defendants deny the assertions as incorrect or incomplete statements of the law.

28.     This paragraph contains legal conclusions and a description of the contents of 34 C.F.R. §§ 602.37-602.38, to which no response is required. Defendants respectfully refer the Court to the cited regulations for a full and accurate statement of their contents.  To the extent a response is deemed required, defendants deny the assertions as incorrect or incomplete statements of the law.

29.     This paragraph contains legal conclusions and a description of the contents of 34 C.F.R. §§ 602.10-602.28, to which no response is required. Defendants respectfully refer the Court to the cited regulations for a full and accurate statement of their contents.  To the extent a response is deemed required, defendants deny the assertions as incorrect or incomplete statements of the law.

30.     Defendants admit that the Department had recognized ACICS as a nationally recognized accrediting agency prior to December 2016.  Defendants deny the remaining allegations contained in this paragraph.

31.     Defendants admit that plaintiff submitted to the Department on January 8, 2016, a petition for recognition.  The remaining allegations in this paragraph consist of plaintiff's description of the contents of that petition, to which no response is required.  To the extent a response is deemed required, defendants deny, and particularly deny that plaintiff's petition established that it satisfied the recognition criteria.  Defendants respectfully refer the Court to the petition for a full and accurate statement of its contents. *See generally* AR_009677-009752.

32.     With respect to the first sentence of this paragraph, defendants admit that the Department sought information related to plaintiff's petition.  Defendants deny that an

"information gathering period" ended on May 16, 2016.  With respect to the second sentence of this paragraph, defendants admit that, on March 3, 2016, the Department sought additional information from ACICS and defendants respectfully refer the Court to the correspondence between the Department and ACICS for a full and accurate statement of its contents.  *See generally* AR_000429-000442.  With respect to the third and fourth sentences of this paragraph, defendants admit corresponding with ACICS regarding deadlines for the submission of certain information by April 1, 2016, and other information by May 16, 2016, and defendants respectfully refer the Court to that correspondence for a full and accurate statement of its contents.  *Id.*  With respect to the fifth sentence of this paragraph, defendants admit that ACICS submitted certain information to the Department on April 1, 2016.  With respect to the final sentence of this paragraph, defendants admit corresponding with ACICS regarding deadlines for the submission of certain information by May 16, 2016, but otherwise deny.

33.    Defendants admit that Department staff issued a draft staff report on May 4, 2016. Defendants deny the remaining allegations contained in this paragraph.

34.    Defendants admit that ACICS and the Department engaged in correspondence on or around June 3, 2016, regarding deadlines for the submission of additional information, and defendants respectfully refer the Court to that correspondence for a full and accurate statement of its contents.  *Id.*   Defendants deny the remaining allegations contained in this paragraph.

35.    Defendants admit that Department staff issued a final staff report on June 15, 2016.  The remainder of this paragraph contains plaintiff's description of the contents of that report, to which no response is required.  If a response is deemed required, defendants deny. Defendants respectfully refer the Court to the final staff report for a full and accurate statement of its contents.  *See generally* AR_000763-000791.

36.     Defendants admit that the National Advisory Committee on Institutional Quality and Integrity (NACIQI) considered ACICS's petition for renewed recognition on June 23, 2016. The remaining allegations in this paragraph consist of plaintiff's characterization of the NACIQI proceeding, to which no response is required.  Defendants respectfully refer the Court to the transcript of that proceeding for a full and accurate statement of the proceeding.  *See generally* AR_000470-000762.  To the extent a response is deemed required, defendants admit that NACIQI voted 10-3 to deny of ACICS's petition, but defendants deny plaintiff's remaining characterizations of the proceeding.

37.     Defendants admit that ACICS submitted comments to the Senior Department Official (SDO) on July 5, 2016.  With respect to the remaining allegations in this paragraph, defendants deny.

38.     Defendants admit that the SDO issued a decision on ACICS's petition on September 22, 2016, and respectfully refer the Court to that decision for a full and accurate statement of its contents.  *See generally* AR_000314-000316.  The remainder of this paragraph, including the bullet-pointed allegations, consist of plaintiff's characterization of the SDO's decision, to which no response is required.  To the extent a response is deemed required, defendants deny.

39.     Defendants admit that ACICS submitted a request for reconsideration to the SDO on October 4, 2016, that Department staff responded to that submission on October 17, 2016, and that the SDO responded to ACICS's request via letter dated October 18, 2017.   Defendants respectfully refer the Court to ACICS's submission, the Department staff's response, and the SDO's letter for a full and accurate statement of the contents of those documents.  *See generally* AR_000231-000313.  The remainder of this paragraph consists of plaintiff's characterizations of

these documents, to which no response is required.  To the extent a response is deemed required, defendants deny.

40.     Defendants admit that ACICS filed an appeal of the SDO's decision with the Secretary of Education (the Secretary) on October 21, 2016, and that the Secretary issued a final decision on December 12, 2016.   Defendants respectfully refer the Court to ACICS's appeal and the Secretary's decision for a full and accurate statement of the contents of those documents.  *See generally* AR_000001-000230.

41.     The remainder of this paragraph, including the bullet-pointed allegations, consist of plaintiff's characterization of the Secretary's December 12, 2016 decision, to which no response is required.  Defendants respectfully refer the Court to the Secretary's decision for a full and accurate statement of the contents of that document.  *See generally* AR_000001-000015.  To the extent a response is deemed required, defendants deny.

42.     This paragraph contains plaintiff's legal conclusions to which no response is required.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Deny.

47.     Deny.

48.     Deny.

49.     Defendants deny the allegations in this paragraph, including the bullet-pointed allegations.

50.     Deny.

51.     Deny.

52.     Deny.

53.     Defendants deny the allegations in this paragraph, including the bullet-pointed allegations.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

58.     Deny.

59.     Deny.

60.     Defendants lack knowledge or information sufficient to form a belief about the allegations contained in the first sentence of this paragraph.  The second sentence of this paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, defendants deny.

61.     Defendants deny the allegations in this paragraph, except to admit that admit that the then-Under Secretary of Education delivered remarks at the June 22, 2016 NACIQI meeting.

62.     Deny.

63.     Deny.

64.     Defendants lack knowledge or information sufficient to form a belief about the allegations contained in this paragraph.

65.     Defendants lack knowledge or information sufficient to form a belief about the allegations contained in this paragraph.

66.     Deny.

67.     Defendants lack knowledge or information sufficient to form a belief about the allegations contained in this paragraph.

68.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed required, defendants deny except to admit that the Department has instituted an orderly process concerning the continued eligibility of institutions that had been accredited by plaintiff and that, pursuant to 20 U.S.C. § 1099c(h)(2), that period of continued recognition is not to exceed 18 months from the date of the Secreaty's decision.

69.     Defendants lack knowledge or information sufficient to form a belief about the allegations contained in the first three sentences of this paragraph.  With respect to the final two sentences of this paragraph, defendants deny.

70.     Defendants lack knowledge or information sufficient to form a belief about the allegations contained in the first, third, and fourth three sentences this paragraph.  The second sentence contains a legal conclusion to which no response is required.  To the extent a response is deemed required, defendants admit that the Department reviews the scope of an accrediting agency's activities for purposes of conferring federal recognition upon an accrediting agency.

71.     This paragraph contains legal conclusions regarding legal obligations imposed by unnamed state licensing bodies to which no response is required.  To the extent a response is deemed required, defendants lack knowledge or information sufficient to form a belief about the allegations contained in this paragraph.

72.     Deny.

73.     Deny.

74.     Defendants repeat and incorporate by reference their responses to each of the preceding paragraphs of the Complaint.

75.     This paragraph contains legal conclusions and plaintiff's description of the contents of 5 U.S.C. §§ 702 and 704, to which no response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

76.     This paragraph contains legal conclusions and plaintiff's description of the contents of 5 U.S.C. § 706(a)(2)(A), to which no response is required.  Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

77.     Defendants deny the allegations in this paragraph, including the bullet-pointed allegations.

78.     Deny.

79.     Deny.

80.     Defendants repeat and incorporate by reference their responses to each of the preceding paragraphs of the Complaint.

81.     This paragraph contains legal conclusions and plaintiff's description of the contents of 5 U.S.C. §§ 702 and 704, to which no response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

82.     This paragraph contains legal conclusions and plaintiff's description of the contents of 5 U.S.C. § 706(a)(2)(D), to which no response is required.  Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

83.     Deny.

84.     Deny.

85.     Defendants repeat and incorporate by reference their responses to each of the preceding paragraphs of the Complaint.

86.     This paragraph contains legal conclusions and plaintiff's description of the contents of 5 U.S.C. §§ 702 and 704, to which no response is required.  Defendants respectfully refer the Court to the cited statutory provisions for a full and accurate statement of their contents.

87.     This paragraph contains legal conclusions and plaintiff's description of the contents of 5 U.S.C. § 706(a)(2)(E), to which no response is required.  Defendants respectfully refer the Court to the cited statutory provision for a full and accurate statement of its contents.

88.     Deny.

89.     Deny.

The remaining allegations in the Complaint constitute a prayer for relief, to which no response is required.  If a response were required, the allegations are denied.  Defendants further deny that plaintiff is entitled to any relief demanded in the Complaint, or any relief whatsoever.

Defendants deny all allegations contained in the Complaint that they have not specifically admitted.

## DEFENSES

1.  The Court lacks jurisdiction to review actions committed to agency discretion by law.

2.  Plaintiff lacks standing to pursue claims based on injuries allegedly suffered by third parties, such as institutions or students.

3.  Defendants' actions are procedurally and substantively lawful.

4. Plaintiff caused or contributed to the injuries it alleges.

Dated: February 17, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

SHEILA M. LEIBER
Deputy Director

*/s/ Stephen J. Buckingham*
STEPHEN J. BUCKINGHAM
Special Counsel (Maryland Bar)
Lisa Zeidner Marcus (NY Bar)
Senior Counsel
U.S. Department of Justice, Civil Division
Federal Programs Branch
Tel: (202) 514-3330
Fax: (202) 616-8470
Email: Stephen.Buckingham@usdoj.gov
P.O. Box 883 Ben Franklin Station
Washington, DC 20044

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2017, I caused a copy of this Answer to be filed electronically and that this document is available for viewing and downloading from the ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Stephen J. Buckingham*
STEPHEN J. BUCKINGHAM